that possession and right, and thenceforth to hold an exclusive possession of a specific part of the property, which before partition all the co-owners had the equal right to possess.

"When the right to possess the entire property exists in one holding a life estate, if such person has no other estate, no right to partition exists; for it could confer no benefit, as no higher estate can be acquired by partition."

Under the above rule, since the plaintiffs were not entitled to possession of any of the land sought to be partitioned, they were not entitled to partition thereof.

Our holding in this respect is not in conflict with the rule announced in Hudgins v. Sansom, 72 Tex. 229, 10 S.W. 104. In that case other property in addition to the homestead was involved, and consequently those seeking partition were entitled to possession of some of the property sought to be partitioned. The Court adhered to the rule that the homestead itself could not be divided or partitioned among the parties to the suit; but held that it might be taken into consideration in the partition of the whole estate.

The judgments of the trial court and the Court of Civil Appeals are affirmed.

Scarborough, Yates & Scarborough, of Abilene, for plaintiff in error.

Wagstaff, Harwell, Douthit & Alvis, of Abilene, for defendant in error.

PER CURIAM.

We agree with the holding of the Court of Civil Appeals to the effect that Articles 1121 and 1122 apply only to public utilities operating in one municipality. We express no opinion on the other question discussed by the Court of Civil Appeals.

The application is "Dismissed W. O. J. —Correct Judgment."

## A. B. C. STORES, Inc., v. TAYLOR.

### No. 25371.

Supreme Court of Texas.

Feb. 5, 1941.

## CITY OF BAIRD v. WEST TEXAS UTILITIES CO.

### No. 25432.

Supreme Court of Texas.

Feb. 19, 1941.